**UNITED STATES of America,**
**Plaintiff,**

v.

**FMC CORPORATION, Defendant.**

**Civ. A. No. 37123.**

United States District Court,
E. D. Pennsylvania.

June 26, 1970.

444

John W. Neville, L. Barry Costilo, Attys., Dept. of Justice, Donald G. Balthis, Dept. of Justice, Philadelphia, Pa., for plaintiff.

Drinker Biddle & Reath, Philadelphia, Pa., William Piel, Jr., John E. Donnelly, David L. McLean, Sullivan & Cromwell, New York City, Michael O'S. Floyd, Drinker Biddle & Reath, Philadelphia, Pa., for defendant.

## FINAL JUDGMENT

HIGGINBOTHAM, District Judge.

Plaintiff, United States of America, having filed its complaint herein on December 24, 1964, settlement of the case as to all defendants except FMC Corporation having been made, the case as to FMC Corporation having been brought on for trial on January 3, 1968, and the Court having rendered its Opinion, Findings of Fact and Conclusions of Law on August 22, 1969; and the parties having submitted proposed decrees and having submitted briefs and oral argument as to the form of the decree,

Now, therefore, it is ordered, adjudged and decreed as follows:

### I.

This Court has jurisdiction of the subject matter herein and the two parties hereto. Defendant FMC has engaged in a continuing agreement, understanding and concert of action with others to eliminate price competition in the sale of liquid caustic soda in violation of Section 1 of the Sherman Antitrust Act.

While the proven violations as noted in the Findings of Fact and Conclusions of Law were limited to liquid caustic soda, there is such an interrelationship in the manufacture and marketing of chlor-alkali products that the public interest can be adequately protected only by issuing a broader decree which includes all of the chlor-alkali products, and thus not a decree which is limited solely to liquid caustic soda.

### II.

As used in this Final Judgment:

(A) "Defendant" shall mean FMC Corporation, organized under the laws of the State of Delaware with its principal place of business in San Jose, California;

(B) "Person" shall mean any individual, partnership, firm, corporation, association, or other business or legal entity;

(C) "Chlor-alkali products" shall mean all forms of chlorine, caustic soda and soda ash, as such, or any of them; and

(D) "Manufacturer" shall mean a person who, within the United States, produces chlor-alkali products and regularly solicits customers for the sale of such products.

### III.

The provisions of this Final Judgment shall apply in the United States and to the defendant, each of its officers, directors, employees, agents, subsidiaries, successors and assigns, and all persons in active concert or participation with defendant who receive actual notice of this Final Judgment by personal service or otherwise. The defendant and its officers, directors, employees, subsidiaries, successors and assigns, when acting in such capacity, shall be regarded as one person for the purposes hereto.

## IV.

■ Defendant is enjoined and restrained from directly or indirectly entering into, adhering to, or claiming any right under any conspiracy, contract, agreement, arrangement or understanding with any other Manufacturer to:

(1) Request or furnish information concerning the allowance to any customer or class of customers of a discount from the list price of chlor-alkali products for the purpose of limiting such discount to such customer or class of customers or stabilizing or maintaining the price level of chlor-alkali products.

(2) Request or furnish information concerning any unpublished or not generally available truck or barge rate applying to shipments of chlor-alkali products for the purpose of matching the delivered cost to any customer of any of such products; or

(3) Request or furnish any information concerning or relating to the recognition of a producing plant as an equalization point for freight cost absorption on f.o.b.-plant sales of chlor-alkali products for the purpose of preventing or delaying such recognition.

Defendant is enjoined and restrained from directly or indirectly

(A) Communicating, relaying or reporting to any manufacturer information concerning or relating to prices, terms, or conditions of sale (including transportation rates, charges or routing information) at or upon which chlor-alkali products sold by said defendant are being sold or will be sold to any third person by defendant or by any other manufacturer or reseller of chlor-alkali products, other than such information which has been previously or is simultaneously released to the trade generally or has been disclosed by any person who is not competing with defendant in the sale of such chlor-alkali products;

(B) Adopting, maintaining or using any pricing system having an f.o.b. factory price with freight equalization adjustment unless defendant's terms of sale shall offer the customer the option to purchase chlor-alkali products at the factory, in not less than minimum quantities established in good faith by said defendant, at not more than its f.o.b. factory price, when the customer furnishes its own or arranges for a lawful means of transportation compatible with loading facilities and schedules of said defendant and meeting reasonable safety and maintenance standards;

## VI.

Defendant, for a period of five (5) years from and after the date of entry of this Final Judgment, is ordered to make a record of each telephone call or meeting, formal or informal, which is attended by or is participated in by any officer or employee of defendant having policy making authority with respect to pricing or principal supervisory responsibility with respect to sales of chlor-alkali products by defendant and any officer or employee of any other manufacturer having similar authority or responsibility at or in which (1) the principal individuals present or participating are employed by manufacturers and (2) prices, terms, or conditions of sale or transportation rates or charges for chlor-alkali products are discussed. Such record shall show (a) the date, time and place of the meeting or telephone call dealt with therein; (b) the individual employed by manufacturers of chlor-alkali products present at or participating in such meeting or telephone call; and (c) a listing of such topics discussed at such meeting or during such telephone call. The record shall be maintained by defendant in its files until six (6) years shall have elapsed from the date of preparation of such record. Notwithstanding Section II(D) herein, "manufacturer" for the purpose of this Section VI shall mean the defendant and any other person who, within the United States, produces chlor-alkali products and regularly solicits customers for the sale of such products, provided that said person shall be deemed a manufacturer only with respect to the chlor-alkali product or products which it so produces and sells.

## VII.

Nothing contained in this Judgment shall be deemed to enjoin or restrain Defendant from:

(A) Negotiating for, entering into, or carrying out a bona fide sale or transfer to, or purchase or receipt from, any Person, or communicating, relaying or reporting information to such Person, or taking any lawful action, in connection with negotiating for, entering into or carrying out such sale, purchase or transfer;

(B) Furnishing to any trade association, other organization or industry group, information in connection with any otherwise lawful project, study, analysis, survey, or the like; *provided* that such information is furnished upon the condition that it be held in confidence and not be made known or available to any other Person except as part of a composite containing other similar information;

(C) Furnishing to any Federal, state or local governmental body or agency, or to any other interested Person in connection with any petition or application to or hearing before such governmental body or agency, information pertinent to such petition, application or hearing.

## VIII.

(A) For the purpose of determining or securing compliance with this Judgment, duly authorized representatives of the Department of Justice shall, for a period of ten (10) years from the date of entry of this Judgment, on written request of the Attorney General or the Assistant Attorney General in charge of the Antitrust Division, and on reasonable notice to Defendant made to any of its corporate officers, be permitted subject to any legally recognized privilege:

(1) Reasonable access, during office hours of Defendant, to all books, ledgers, accounts, correspondence, memoranda, and other records and documents in its possession or under its control relating to any matters contained in this Judgment; and

(2) Subject to the reasonable convenience of Defendant, to interview its officers or employees, who may have counsel present, regarding any such matters.

(B) Upon such written request Defendant shall submit reports in writing with respect to any of the matters contained in this Judgment.

(C) No information obtained by the means provided in this Section shall be divulged by any representative of the Department of Justice to anyone other than a duly authorized representative of the Executive Branch of plaintiff herein, except in the course of legal proceedings to which the United States is a party for the purpose of securing compliance with this Judgment or as otherwise required by law.

## IV.

Jurisdiction is retained by this Court for the purpose of enabling any of the parties to this Final Judgment to apply at any time to this Court for such further orders and directions as may be necessary or appropriate for the construction or carrying out of this Final Judgment, for the modification or termination of any of the provisions hereof, for the enforcement of compliance herewith, and for the punishment of violations hereof.